UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAURENCE E. BEST** | **CIVIL ACTION** |
| versus | **No. 06-1130** |
| **INDEPENDENT INSURANCE ASSOCIATES INC.,** *et al.* | **SECTION:  I/5** |

### ORDER

Before the Court is the motion to remand filed by plaintiff, Laurence E. Best. For the following reasons, plaintiff's motion is **GRANTED**.

### *BACKGROUND*

Plaintiff, Laurence E. Best, insured his home in New Orleans with policies arranged by defendant, Independent Insurance Associates, Inc. ("IIA"). Plaintiff held a homeowner's insurance policy with Chubb Insurance and a flood insurance policy with Fidelity National Insurance Company. When plaintiff renewed his flood insurance policy on March 28, 2005, plaintiff was allegedly told that the maximum flood insurance available was $250,000 on the building and $66,000 on its contents, despite plaintiff's explanation to IIA that this coverage amount was inadequate.[1] When the floodwaters caused by Hurricane Katrina inundated New Orleans at the end of August, 2005, the entire contents of the ground floor of plaintiff's home were destroyed; these damages far exceeded the contents coverage provided by his flood

---

[1] Rec. Doc. No. 1, Def.'s Ex. 1, p. 2 ¶5. Plaintiff's homeowner's policy provided $1,594,000 in building coverage and $797,000 of contents coverage. *Id.* at ¶4.

insurance policy.[2] Plaintiff contends that, contrary to the representations of IIA, flood insurance contents coverage was available up to $100,000 through his Fidelity policy and that, additionally, excess flood insurance was available that he would have purchased.[3]

Plaintiff filed a complaint in state court on December 23, 2006, arguing that IIA had negligently failed to offer the available primary and excess flood insurance, *inter alia*.[4] Plaintiff also included a claim against Westport Insurance Corporation, which provides professional liability and errors and omissions coverage for IAA.[5] On March 7, 2006, defendants removed the case to this Court, claiming that the lawsuit will involve the interpretation of a Standard Flood Insurance Policy ("SFIP"), which is governed by federal law and which, therefore, creates an issue of federal law sufficient to confer subject matter jurisdiction on this Court.[6]

On August 8, 2006, plaintiff filed this motion to remand.[7] In his motion, plaintiff argues that his case does not raise a federal question because it concerns claims relating to the procurement of a flood insurance policy, rather than the handling of flood insurance claims. Plaintiff cites to a number of cases in this district in which judges have recognized this distinction and remanded similar actions.

## *LAW AND ANALYSIS*

---

[2]Rec. Doc. No. 1, Def.'s Ex. 1, p. 2 ¶7.

[3]Rec. Doc. No. 1, Def.'s Ex. 1, p. 2 ¶¶9-10.

[4]Rec. Doc. No. 1, Def.'s Ex. 1, p. 2 ¶11.

[5]Plaintiff incorrectly named this defendant "Employers Reinsurance Corporation/Westport Insurance Corporation" in his complaint. *See* Rec. Doc. No. 1, p. 1.

[6]Rec. Doc. No. 1.

[7]Rec. Doc. No. 15.

**I. Standard of Law**

*A. Motion to Remand*

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is strictly construed. *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden."). Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

*B. Federal Question Jurisdiction*

The original jurisdiction alleged by defendants is federal question jurisdiction--i.e., the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Accordingly, "it is well settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 499 (5th Cir. 1999); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (stating that subject matter jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly

3

pleaded complaint").

## II. Discussion

Plaintiff argues that his action concerns negligence in the procurement of a SFIP as opposed to in the handling of a claim related to flood insurance, which requires that it be remanded to state court.  Plaintiff cites to a number of cases from this district in which courts have remanded similar actions by relying on the distinction between procurement and claims handling.   Defendants argue that, because plaintiff alleges IIA misrepresented the maximum amount of contents coverage available, a dispute exists as to the terms of the SFIP.  Defendants contend that this claim will necessarily involve the interpretation of a SFIP and, therefore, it raises a federal question suitable for this Court.  Defendants finally argue that, if remand is denied, the Court should maintain jurisdiction over plaintiff's non-removable claim that suggests IIA failed to inform plaintiff of the availability of excess flood insurance.

The NFIP was established by the National Flood Insurance Act ("NFIA"), 42 U.S.C. § 4001, *et seq.*, and it is administered through the Federal Emergency Management Agency ("FEMA"), *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 387 (5th Cir. 2005).  The NFIP has two main components:  1) the flood insurance program, and 2) a comprehensive national plan for flood management.  *Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 342  (5th Cir. 2005). A  SFIP can be issued by the private WYOs directly to consumers.  *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).  These WYO companies, however, have no power to alter, amend, or waive any provision contained within the SFIP.  44 C.F.R. pt. 61.13(d).  By statute, these WYOs are considered fiscal agents of the United States.  42 U.S.C. § 4071(a)(1).

In *Smith Lupo Williams Partners v. Carter*, this Court noted the growing line of cases in

this district that have recognized a distinction between claims related to the handling of a flood insurance claim, which are preempted by federal law, and those related to the procurement of a SFIP, which are not preempted. No. 06-2808, 2006 U.S. Dist. LEXIS 62103 (E.D. La. Aug 31, 2006); *see Seruntine v. State Farm Fire & Cas. Co.*, No. 06-1580, slip op. at 6 (E.D. La. Aug. 2, 2006) (Vance, J.) (finding that plaintiffs' claims "all relate to the procurement of flood policies, which the courts of this District have uniformly concluded do not give rise to federal jurisdiction under the [NFIA]"); *Sullivan v. State Farm Fire & Cas. Co.*, No. 06-1677, slip op. at 8-9 (E.D. La. Jul. 26, 2006) (Barbier, J.) (holding that the procurement of a SFIP does "not implicate any substantial federal question"); *Cosse*, 2006 U.S. Dist. LEXIS 46104, at *4-5; *Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531, 534-35 (E.D. La. 2006) (Fallon, J.); *Waltrip v. Brooks Agency, Inc.*, 417 F. Supp. 2d 768, 771 (E.D. Va. 2006); *Corliss v. S.C. Ins. Co.*, No. 03-2944, 2004 U.S. Dist. LEXIS 25664, at *7 (E.D. La. Dec. 14, 2004) (Vance, J.) (citing *Spence* and holding that policy procurement "claims are thus not governed by federal law, but by state law, and they provide no basis for federal question jurisdiction").

Judge Vance addressed facts similar to those in this case in *Elizabeth v. USAA General Indemnity Co.*, No. 02-2021, 2002 U.S. Dist. LEXIS 24887 (E.D. La. Dec. 19, 2002). Though not entirely analogous to the instant case, *Elizabeth* provides added support for the conclusion that plaintiff's claims do not present a federal question. There, the plaintiffs purchased a general homeowners insurance policy from defendant that insured the contents of their home up to $174,750 and a flood insurance policy with contents coverage of $37,500. A flood struck their home and caused contents damage of $224,506. The plaintiffs sued, asserting that the defendant was liable for failing to either close the gap between contents coverage under the homeowners

policy and the flood policy or to alert the plaintiffs to this disparity. The defendants removed the case to federal court and the plaintiffs moved to remand, arguing that no federal jurisdiction existed. *Id.* at *1-2. Citing the distinction between procurement and claims handling, Judge Vance granted the motion to remand, reasoning that "[t]he claims have everything to do with the manner in which defendant procured customers for the policy." *Id.* at *13. Like the instant case, the issue in *Elizabeth* was the amount of coverage initially procured, not the handling of a claim arising out of this coverage.

Defendants' counterarguments are unavailing. Defendants claim that all matters pertaining to a SFIP are expressly preempted by specific language in the policy and FEMA's explanation of this clause. The language cited by defendants, however, only bolsters plaintiff's claim because it refers exclusively to "claims handling."[8] In addition, plaintiff's citation to *AAA-R, Inc. v. Bankers Insurance Co.*, No. 03-2802, 2005 U.S. Dist. LEXIS 10329 (E.D. La. May 20, 2005) (Berrigan, J.), as discussed in this Court's *Smith Lupo* decision, is inapposite. *See Smith Lupo*, 2006 U.S. Dist. LEXIS 62103, at *14 (finding that the plaintiffs' allegations in that case "concerned the defendant agent's representations to them regarding the filing of their proof of loss" and that, therefore, "[t]he facts in Bankers Insurance relate to the handling of the SFIP, not its procurement").

The claims now before the Court present no issues that will involve the interpretation of a

---

[8] *See* 44 C.F.R. pt. 61, App. A(1), art. IX ("[The SFIP] and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968 . . . and Federal common law."); 65 F.R. 34824, 34827 ("[W]e have clarified the policy language pertaining to jurisdiction, venue and applicable law to emphasize that matters pertaining to the Standard Flood Insurance Policy, including issues relating to and arising out of claims handling, must be heard in Federal court and are governed exclusively by Federal law.").

SFIP.  Plaintiff's claims relate to the initial procurement of the policy, the alleged errors and omissions of his agent, and the amount of coverage obtained.  There can be no dispute as to the maximum amount of contents coverage available under federal law,[9] and plaintiff does not appear to dispute any clause of the SFIP.  No question of federal law is implicated, and no subject matter jurisdiction exists.

Accordingly,

**IT IS ORDERED** that the motion to remand filed by plaintiff, Laurence E. Best,[10] is **GRANTED** and the case is **REMANDED** to the Civil District Court for the Parish of Orleans because of a lack of subject matter jurisdiction.

New Orleans, Louisiana, September __18th__, 2006.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[9] 44 C.F.R. pt. 61.6(a).  As noted above, plaintiff's complaint alleges that contents coverage of up to $100,000 was available under the SFIP.  Rec. Doc. No. 1, Def.'s Ex. 1, p. 2 ¶10.

[10] Rec. Doc. No. 15.